# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

Case No.: 1:20-cv-169-RH-GRJ

OELRICH CONSTRUCTION, INC.,

    Plaintiff,

vs.

PRC PRECAST, LLC,

    Defendant/Counter-Plaintiff,

vs.

OELRICH CONSTRUCTION, INC.,

    Counter-Defendant.
_____/

## DEFENDANT/COUNTER-PLAINTIFF PRC PRECAST, LLC'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant/Counter-Plaintiff, PRC Precast, LLC ("PRC"), by and through its undersigned counsel, files this Amended Answer and Affirmative Defenses in response to the Amended Verified Complaint (the "Complaint") of Plaintiff/Counter-Defendant, Oelrich Construction, Inc. ("Oelrich"),[1] and states:

---

[1] On September 11, 2020, the Court entered an Order Granting Leave to File an Amended Answer (ECF No. 14). Although PRC only sought to file amended affirmative defenses, the Court ordered that "[t]he amendment will be effective as of the date on which [PRC] files the complete answer as amended." *Id.* at 1. Thus, even though there are no substantive changes to PRC's Answer, PRC has refiled its Answer along with the Amended Affirmative Defenses. PRC already filed its Amended Counterclaim as a matter of right on September 10, 2020 (ECF No. 11), so PRC has not

1

## **BREACH OF CONTRACT**

1. Admitted for jurisdictional purposes only; otherwise, denied.

2. Upon information and belief, admitted.

3. Admitted.

4. Upon information and belief, admitted only that Oelrich performed a portion of the project known as the United States Department of Veterans Affairs Boiler Plant project (the "Project"). Otherwise, PRC is presently without knowledge to either admit or deny the remaining allegations in paragraph 4 of the Complaint. Therefore, those allegations are denied.

5. Admitted only that Exhibit "A" to the Complaint is a copy of a contract between Oelrich and PRC (the "Contract"), which speaks for itself; otherwise, denied.

6. Admitted only that venue is proper in Alachua County, Florida; otherwise, denied.

7. Admitted only that Exhibit "A" to the Complaint is a copy of the Contract, which speaks for itself; otherwise, denied.

8. Admitted only that PRC had submitted invoices to Oelrich totaling $120,198.00 through PRC's October 2019 billing; otherwise, denied.

---

included the Amended Counterclaim with this filing. Regardless, in an abundance of caution, PRC incorporates the allegations of its Amended Counterclaim by reference under Rule 10(c) of the Federal Rules of Civil Procedure.

9. Admitted only that Oelrich paid $109,832.08; otherwise, denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Admitted only that Robert P. Butts, Sean G. Hipworth, and Stephanie N. Hines are attorneys of record for Oelrich; otherwise, denied. Also, PRC denies that Oelrich is entitled to any of the relief sought in the Wherefore clause.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

Oelrich breached the Contract between PRC and Oelrich. Oelrich's claims are barred because any amounts allegedly owed to Oelrich are subject to setoff by amounts Oelrich owes PRC for Oelrich's breaches of the Contract. As an example, and without limitation, Oelrich has refused to pay for over 70 pieces of precast that PRC specially fabricated for Oelrich under the Contract. As such, not only has Oelrich failed to pay for the specially-fabricated pieces for which it agreed to pay, PRC has been forced to store the pieces, which are very large and take up a significant amount of space in its storage facility that could be used for other purposes. Thus, PRC has incurred significant additional costs and other damages.

Second Affirmative Defense

Oelrich's claims are barred, in whole or in part, because Oelrich materially breached the Contract first by, among other things, (1) failing to pay PRC on a timely basis for work that it performed, (2) improperly withholding retainage under the Contract, and (3) failing to maintain the construction schedule for the Project.

Third Affirmative Defense

Oelrich's claims are barred because it improperly terminated the Contract by not providing 24 hours' notice under the Contract.

Fourth Affirmative Defense

Oelrich's claims are barred, in whole or in part, because the damages allegedly suffered were a result of Oelrich's own acts and/or omissions, including, but not limited to, Oelrich's failure to maintain the construction schedule for the Project.

Fifth Affirmative Defense

Oelrich has failed to mitigate its alleged damages and any recovery should be reduced accordingly. For example, among other mitigation efforts, Oelrich could have mitigated its damages by having hired a replacement and/or supplemental subcontractor prior to improperly terminating PRC, self-performing PRC's remaining scope of work, obtaining multiple bids for PRC's remaining scope of work to obtain the lowest possible price for that work, or working with PRC to

complete the work, including taking delivery of the precast materials that PRC had already completed for the Project.

### Sixth Affirmative Defense

Oelrich's claims are barred, in whole or in part, due to Oelrich's failure to satisfy conditions precedent, including, without limitation, Oelrich's failure to provide 24 hours' notice to PRC prior to declaring PRC's breach of the Contract.

### Seventh Affirmative Defense

The doctrine of unclean hands bars Oelrich's claims because its conduct was, without limitation, wrongful, unfair, and inequitable. Oelrich's wrongdoing is directly related to its claims because, without limitation, Oelrich hindered PRC's performance of its work and failed to administer the Contract in good faith. Oelrich's wrongdoing personally injured PRC because, among other reasons, PRC was neither paid for its labor and services nor allowed to complete its work under the Contract.

### Eighth Affirmative Defense

Oelrich is estopped from claiming any overpayment amounts because Oelrich authorized and agreed to pay for PRC's labor and services.

### Ninth Affirmative Defense

Oelrich's alleged damages must be reduced or set-off by any collateral sources of recovery available to it and the amounts Oelrich has recovered or subsequently

recovers from others for its alleged damages under the collateral-source rule/doctrine.

## Tenth Affirmative Defense

Under the doctrines of impossibility, impracticability, and frustration of purpose, PRC was excused from any obligation to perform under the Contract. PRC's performance of the Contract became both impossible and impracticable after the Contract was executed because the COVID-19 pandemic impacted PRC's work and Oelrich failed to maintain the construction schedule for the Project. Thus, PRC's alleged failure to perform under the Contract is excused.

## Eleventh Affirmative Defense

Oelrich's claims are barred because Oelrich waived its right to terminate the Contract and any right Oelrich may have had to delivery of the precast materials by any date specified in the Contract. Oelrich waived its right to terminate the Contract because the right to termination can be waived, Oelrich had actual or constructive knowledge of its right to terminate, and Oelrich's actions make out a case of waiver.

Oelrich's actions make out a case of waiver because under the Contract, PRC was to start to deliver and install precast materials at the Project in June 2019. As alleged in PRC's Amended Counterclaim, Oelrich had to complete concrete or steel-erection work before PRC could deliver and install the precast materials at the Project. In October 2019, PRC had manufactured 63 percent of the precast materials

6

for the Project, but Oelrich had failed to start any of its concrete or steel-erection work. As a result, PRC had not delivered or installed a significant amount of precast materials as of October 2019, which was months after PRC was originally scheduled to deliver and install the precast materials. As of October 2019, Oelrich said absolutely nothing to PRC about the lack of delivery and installation of the precast materials.

In December 2019, after having heard nothing from Oelrich about the Project for months, Oelrich suddenly demanded that PRC needed to immediately deliver the precast materials to the Project. PRC informed Oelrich that it could not immediately deliver all of the precast materials because Oelrich had failed to pay for the materials and PRC suspended manufacture of the materials until such a time that Oelrich could complete its concrete and steel-erection work. PRC also told Oelrich that once Oelrich paid for the precast materials in full, PRC would be able to complete manufacturing the precast materials after it completed two large jobs for other construction projects. In December 2020, despite Oelrich's knowledge of PRC's suspension of the manufacture of the precast materials, Oelrich paid some of PRC's open invoices.

From February 2020 to March 2020, PRC worked in good faith with Oelrich to manufacture and install the precast materials at the Project. At no time during this time period did Oelrich state that if PRC did not deliver and install the precast

materials by a date certain, that PRC would be terminated. Thus, Oelrich waived its right to terminate the Contract and any right Oelrich may have had to delivery of the precast materials by any date specified in the Contract.

WHEREFORE, PRC respectfully requests that judgment be entered in its favor and against Oelrich, along with an award of costs and expenses, including attorneys' fees under the Contract between PRC and Oelrich, and any other relief this Court deems proper or just.

Respectfully submitted this 14th day of September, 2020.

                                                /s/ D. Joseph Darr
                                                D. Joseph Darr
                                                Florida Bar No.: 25864
                                                djd@kirwinnorris.com
                                                Kirwin Norris, P.A.
                                                15 W. Church, St., Suite 301
                                                Orlando, FL 32801
                                                407-740-6600

                                                Counsel for PRC Precast, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/ D. Joseph Darr
D. Joseph Darr

## SERVICE LIST

Robert P. Butts, Esq.
RButts@fbswlaw.com
Sean G. Hipworth, Esq.
SHipworth@fbswlaw.com
Stephanie N. Hines, Esq.
SHines@fbswlaw.com
Warner, Sechrest & Butts, P.A.
5200 SW 91st Terrace, Suite 101
Gainesville, FL 32608
***Counsel for Oelrich Construction, Inc.***

Served by CM/ECF